IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CV-304-BO

| | |
|---|---|
| STANLEY MCKOY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security*, | ) |
| Defendant. | ) |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings and defendant's motion to remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff opposes remand, contending that he meets a disability listing and that remand would serve no purpose. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) and Social Security Income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed for DIB and SSI on July 27, 2009, alleging disability since March 1, 2008. Plaintiff's claims were denied initially and on reconsideration. After conducting a hearing and considering the claim de novo, an Administrative Law Judge (ALJ) found that plaintiff was not disabled in a decision dated August 24, 2012. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and that he had not engaged in any substantial gainful activity since his alleged onset date at step one, the ALJ determined that plaintiff had the following severe impairments: hypertension, congestive heart failure and severe aortic regurgitation with status post aortic valve replacement, HIV, tuberculosis, adjustment disorder

with mixed depression and anxiety, and borderline intellectual functioning. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform unskilled light work with exertional and non-exertional limitations. At step four, the ALJ found that plaintiff could not perform his past relevant work, but found that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

In seeking a remand of this action, the Commissioner contends that the ALJ's failure to explicitly discuss listings 14.08 and 12.05 warrant remand, but not reversal. However, because the record supports that plaintiff has clearly satisfied the criteria for listing 14.08, HIV infection, remand is unnecessary.

Listing 14.08 can be demonstrated as being met where a claimant has (1) HIV infection and (2) pulmonary tuberculosis resistant to treatment. Listing 14.08(A)(1). Plaintiff has HIV. Tr. 561; 372. Plaintiff's treating physician has classified his pulmonary tuberculosis as resistant to treatment, in addition to noting that plaintiff had multiple or recurrent bacterial infections requiring hospitalization or intravenous antibiotic treatment three or more times in one year. Tr. 1040-1; Listing 14.08(a)(4); *see also* Tr. 380 (pulmonary tuberculosis resistant to lower MIC of INH and ethionamide); Tr. 356 (presence of chronic pneumocystis pneumonia or TB pneumonia as opposed to resolving pneumonia); Tr. 1027 (unspecified pulmonary tuberculosis as symptom of AIDS/HIV disease); Tr. 1033 (presence of pulmonary tuberculosis). Contrary to the Commissioner's assertion, Listing 14.08(A) does not, on its face, require a diagnosis of pulmonary tuberculosis that is resistant to *all* treatment, or evidence of pulmonary tuberculosis resistant to treatment *and* evidence of

3

ongoing shortness of breath, wheezing, or rasping. Plaintiff has demonstrated that he meets that plain requirements of Listing 14.08(A)(1) and is therefore disabled.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

As plaintiff has demonstrated that he has met Listing 14.08, a remand of this matter would serve no purpose. Accordingly, the decision of the Commissioner is hereby REVERSED.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings [DE 28] is GRANTED and defendant's motion for remand under sentence four [DE 31] is DENIED. The decision of the ALJ is hereby REVERSED.

SO ORDERED, this _8_ day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE